WEST AMERICAN INSURANCE COMPANY, Appellee,

v.

DUTT et al., Appellees;  Yazel, Clerk of Courts, Appellant.

[Cite as *West American Ins. Co. v. Dutt* (1990), 70 Ohio App.3d 422.]

Court of Appeals of Ohio,
Marion County.

No. 9–89–43.

Decided Nov. 21, 1990.

*Arter & Hadden,* and *Charles R. Janes,* for plaintiff-appellee West American Insurance Company and defendants-appellees Karen Dutt, Merle Dutt, Diana Dutt and Irma Stiffler.

*James Gallagher* and *Thomas J. Conkle,* for appellee State Farm Insurance.

*Evans & Evans* and *Robert E. Evans,* for appellees Lori A. Ault and James Ault, Jr.

*Jim Slagle,* Prosecuting Attorney, for intervenor-appellant Sue A. Yazel.

---

MAHONEY, Judge.

On August 9, 1985, defendants-appellees Irma Stiffler, Karen Dutt, Merle Dutt, Dianna Dutt, and Lori Ault were involved in an automobile accident with an insured of plaintiff-appellee West American Insurance Company. Upon determining that the $200,000 limit contained in its policy was exceeded by the injuries suffered by the defendants, West American filed an interpleader action in order that the court might determine the proper distribution of the policy proceeds. West American also sought and received a court order permitting it to deposit the $200,000 with the clerk of courts pending the outcome of litigation. This was done and the intervenor-appellant Sue Yazel, Clerk of Courts, deposited the funds in a separate, interest bearing account.

Shortly before the trial date of August 3, 1989, the defendants entered into a settlement for the distribution of the policy proceeds and accumulated interest. The settlement was finalized and journalized on July 25, 1989, and included disbursement of the interest to defendants.

On July 17, 1989, appellant filed a motion to intervene alleging entitlement to the interest accumulated. This motion was denied by the trial court. The clerk then, prior to July 25, 1989, paid the interest accumulated on the insurance proceeds into the Marion County General Fund. Subsequent to the July 25, 1989 entry, the appellant paid the policy proceeds to defendants. Appellant also retrieved the interest from the general fund and this interest is now being held in a separate interest bearing account pending the outcome of this appeal.

Appellant assigns two errors on appeal.

Assignment of Error I

"The trial court erred when it ordered the clerk of courts to disburse interest earned by the clerk in her official capacity to private litigants."

Appellant claims that the trial court erred in ordering the payment of interest to the defendants since a statute requires its payment into the general

fund of the county and since the Ohio Constitution prohibits such a disbursement of interest. We do not agree.

▇ The appellant relies on R.C. 2335.25 in support of her claim that the interest in question should be paid to the county general fund. That statute, however, deals with interest collected on fees and costs collected by the clerk. *Columbus Street Railway Co. v. Pace* (1903), 68 Ohio St. 200, 67 N.E. 490; *State v. Glass* (1971), 27 Ohio App.2d 214, 56 O.O.2d 391, 273 N.E.2d 893. The statute further provides that the clerk must pay monies to the persons entitled to receive them upon request (R.C. 2335.25). Further, R.C. 2303.20(W) provides a fee to the clerk for holding funds on behalf of litigants. That statute also provides that the clerk shall charge a commission "and no more." To allow the clerk to receive and pay the interest into the general fund would, in effect, allow her to collect two fees for the holding of funds. *Webb's Fabulous Pharmacies, Inc. v. Beckwith* (1980), 449 U.S. 155, 159–160, 101 S.Ct. 446, 449–450, 66 L.Ed.2d 358, 363–364.

The United States Supreme Court has struck down as unconstitutional a Florida statute which provided for the payment of interest earned on funds held in an interpleader action, such as that at bar, to the county. In *Webb's Fabulous Pharmacies, Inc. v. Beckwith, supra,* at 161, 101 S.Ct. at 451, 66 L.Ed.2d at 365, the court noted with regard to the funds on deposit:

"It was property held only for the ultimate benefit of Webb's creditors, not for the benefit of the court and not for the benefit of the county. And it was held only for the purpose of making a fair distribution among those creditors. Eventually, and inevitably, that fund, less proper charges authorized by the court, would be distributed among the creditors as their claims were recognized by the court. The creditors thus had a state-created property right to their respective portions of the fund."

This reasoning is equally appropriate here where the funds were deposited only for the benefit of the injured defendants.

▇ Nor does the payment of this interest to defendants violate Section 6, Article VIII, of the Ohio Constitution as none of the interest earnings were from public funds. The earnings came from the bank, as a depository of the insurance funds.

Appellant's first assignment of error is without merit.

Assignment of Error II

"The trial court erred when it did not permit the clerk of courts to intervene prior to disbursing interest earned by the clerk in her official capacity."

Appellant claims that the trial court erred in refusing to grant her motion to intervene. Civ.R. 24(A) governs intervention of right and provides:

"*Upon timely application* anyone shall be permitted to intervene in an action: * * * when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties." (Emphasis added).

Such an application must be timely filed not only with regard to the statute of limitations, but also in the context of the trial proceedings. *Likover v. Cleveland* (1978), 60 Ohio App.2d 154, 14 O.O.3d 125, 396 N.E.2d 491. The record reveals that this action was filed on August 4, 1987. The trial was scheduled for August 3, 1989, and a settlement entry filed on July 25, 1989. Appellant did not file her motion to intervene until July 17, 1989. The trial court did not abuse its discretion in overruling appellant's motion as untimely. *Likover v. Cleveland, supra.*

Appellant's second assignment of error is overruled and the judgment of the trial court is affirmed.

*Judgment affirmed.*

THOMAS F. BRYANT and EVANS, JJ., concur.

EDWARD J. MAHONEY, J., retired, of the Ninth Appellate District, sitting by assignment.