HUSSEY, Appellee,

v.

AETNA LIFE INSURANCE COMPANY, Appellant.

[Cite as *Hussey v. Aetna Life Ins. Co.* (1995), 104 Ohio App.3d 6.]

Court of Appeals of Ohio,
Eleventh District, Lake County.

No. 94–L–089.

Decided May 8, 1995.

*Philip A. Lawrence,* for appellee.

*Arter & Hadden, Gregory V. Mersol* and *Susan R. Massey,* for appellant.

Ford, Presiding Judge.

This case comes from the Lake County Court of Common Pleas.

8

On April 21, 1993, Marcia Hussey, appellee, filed an action against Aetna Life Insurance Company, appellant. In her complaint, she alleged that on October 22, 1987, appellant became legally obligated to pay the death benefits of Raymond Hussey's life insurance policy to the beneficiaries. However, appellant held the proceeds of the insurance policy until September 28, 1989, when it was ordered to pay the proceeds. Appellee requested that she be granted $24,638.75, a sum representing the interest earned on the money between the date it was due and the date it was paid.

Both appellant and appellee filed motions for summary judgment. The trial court granted judgment in favor of appellee ordering appellant to pay her the sum of $24,638.75.

By way of prologue, there has been previous litigation regarding the proceeds of the insurance policy. See *Aetna Life Ins. Co. v. Hussey* (Dec. 7, 1990), Lake App. No. 89–L–14–084, unreported (*"Hussey I"*), 1990 WL 199100, reversed and remanded, *Aetna Life Ins. Co. v. Hussey* (1992), 63 Ohio St.3d 640, 590 N.E.2d 724 (*"Hussey II"*). An abbreviated discussion is appropriate.

In the preceding case, appellant filed an interpleader action in order to determine the beneficiaries of Raymond's life insurance policy. The defendants were Kelly Hussey, the deceased's daughter; Lillian Hussey, the deceased's ex-wife; Phillip Lawrence, trustee of the Raymond Hussey Trust; and the estate of Raymond W. Hussey, Jr., for which appellee was the executor. Essentially, the issue was whether Kelly was entitled to the entire sum of the proceeds to the exclusion of the trust established by Raymond.

The trial court ruled that Kelly was entitled to the benefit of the proceeds for her education until she reached the age of twenty-two. Any unused proceeds were to be placed in the trust established by Raymond for distribution in accordance with its terms.

This court reversed the trial court's ruling, and we concluded that "the insurance proceeds [must be] distributed as if appellant Kelly Rae was the named beneficiary * * *." *Hussey I.* Also, we found that " * * * [Raymond's] attempt at changes made in violation of the divorce decree * * * are null and void and cannot defeat the appellant Kelly Rae's rights." *Id.*

However, as noted, the Supreme Court of Ohio reversed this court and, essentially, reinstated the trial court's order. *Hussey II*, 63 Ohio St.3d at 645, 590 N.E.2d at 728. It concluded that Kelly was entitled to the proceeds of the policy for educational purposes, but that any remainder should be placed in the trust and administered according to its terms. *Id.*

In the present case, appellee filed suit against appellant for the interest earned on the proceeds between the date they were due and the date they were paid. The trial court granted summary judgment in her favor.

The parties relied upon documents from the first case to support their respective motions for summary judgment. The attachments indicate that appellant filed a motion under Civ.R. 22, interpleader, to pay the funds due, $178,522, into the court. In its motion, appellant conceded that the funds were owed to the beneficiaries, but that it could not ascertain which of the claimants were the proper beneficiaries. Apparently, the motion was not granted as indicated in a letter written by appellant's attorney to the court.

Appellee attached this letter to her motion for summary judgment. It reads, in part, as follows:

"I recently received a telephone call from your bailiff indicating that the motion [to deposit the proceeds] would be granted except that the funds could not be deposited into the court because there is no mechanism with [the] Lake County Court of Common Pleas for the deposit of funds in an interest-bearing account. I was directed to prepare an order instead which required Aetna to pay the funds into an interest-bearing account directly without involvement by the clerk of courts.

"Pursuant to that discussion, I am enclosing a proposed order which provides that Aetna is to deposit the funds into an interest-bearing account. Pursuant to this proposed judgment entry, Aetna intends to deposit the funds payable under the policy into an Aetna benefits checking account through its personal finance division, bearing interest based on Donoghue's money market government average fund. That account is currently paying 7.2% annually."

Although the letter references a proposed judgment entry, that proposed judgment is not part of the record before this court. Thus, we do not know whether it was ever entered by the trial court. The record indicates that appellant relinquished $178,522, but transmitted no interest over that principal sum.

Appellant appeals, assigning the following as error:

"The trial court erroneously granted appellee's motion for summary judgment and denied appellant's motion for summary judgment on a claim which is both barred by *res judicata* and unsupported by statutory or common law authority."

First, appellant argues that the trial court should not have granted summary judgment in appellee's favor and, conversely, should have granted its motion for summary judgment because appellee's claim was barred by *res judicata*.

■ In the abstract, and in large part, we agree with appellant's discussion of *res judicata*. However, it overlooks one critical factor. *Res judicata* only applies when the parties to the subsequent action were parties to the first action. See *Goodson v. McDonough Power Equip., Inc.* (1983), 2 Ohio St.3d 193, 2 OBR 732, 443 N.E.2d 978. In the second case (the present action), appellee has sued appellant in her individual capacity for the interest, while in the first case (*Hussey I* and *II*) she was involved only as the executor of Raymond's estate— not in her individual capacity.

■ "It is well settled that ' * * * litigation in one capacity, individual or representative, does not preclude relitigation in a different capacity, individual or representative. * * * ' Wright, Miller & Cooper, Federal Practice and Procedure, Jurisdiction (1981), Section 4454. See, also, Restatement of the Law 2d Judgments (1982) 359, Section 36.* * * " *Altvater v. Claycraft Co.* (1991), 71 Ohio App.3d 264, 269, 593 N.E.2d 377, 381. Thus, *res judicata* does not apply.

■ Turning to the second argument, appellant contends that the trial court could not order it to pay interest because, prior to January 1, 1993, the law did not require insurance companies to pay interest on policy proceeds. In support, appellant cites R.C. 3915.052(A), which states:

"On and after January 1, 1993, any life insurance company authorized to do business in this state shall pay interest, in accordance with division (B) of this section and subject to division (C) of this section, on any proceeds that become due pursuant to the terms of a life insurance policy other than a credit life insurance policy."

As appellant correctly notes, this statute only requires interest to be paid on obligations accruing on or after January 1, 1993. In this case, appellant relinquished the funds well before this date. However, we do not find this statute to be dispositive.

There are no cases directly on point regarding the present scenario. As appellant notes, it never challenged the fact that someone was entitled to the death benefit proceeds. Furthermore, it attempted to deposit the funds with the court and was told that it could not do so. Nevertheless, although there was no wrongdoing on the part of appellant, it was clear from the letter of appellant's attorney, when read in the context of the previous litigation, that appellant was holding the funds for the benefit of the beneficiaries, and that someone other than appellant was entitled to the time value of the insurance proceeds.

It is beyond dispute that had the court permitted appellant to deposit the funds with the clerk of courts, the interest earned on the death-benefit proceeds would have benefitted the ultimate beneficiaries. See *W. Am. Ins. Co. v. Dutt* (1990), 70 Ohio App.3d 422, 591 N.E.2d 356. Essentially, because, in our case, the clerk of

courts would not accept the proceeds, appellant received the suggestion to pay the funds directly into an interest-bearing account. This alternative was designed to benefit the ultimate beneficiaries as if it had been deposited with the clerk.

Accordingly, appellant's assignment is without merit.

■ Because appellant's assignment is without merit, the trial court's judgment is affirmed. However, we note that, in part, the affirmance is contingent upon the maxim that an appellate court is not required to address issues not specifically raised by the parties. See *Toledo's Great E. Shoppers City, Inc. v. Abde's Black Angus Steak House No. III, Inc.* (1986), 24 Ohio St.3d 198, 24 OBR 426, 494 N.E.2d 1101. For instance, it would appear that the trust would be the proper party to advance this case, not appellee in her individual capacity. Nevertheless, this issue was not raised and will not be addressed. Moreover, appellant has not specifically argued that the amount it was ordered to pay appellee was in error.

Based on the foregoing, the judgment of the trial court is affirmed.

*Judgment affirmed.*

CHRISTLEY and JOSEPH E. MAHONEY, JJ., concur.