DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellants, Louis Kalavity et al.[1] ("Kalavitys"), appeal the judgment of the Summit County Court of Common Pleas, Probate Division, denying them the interest accrued on the settlement amount which appellee, City of Akron, deposited in an account with the clerk of the probate court. We reverse and remand.
Seeking to appropriate real property in the downtown area of Akron through eminent domain, the City of Akron filed a complaint on June 4, 1996 and amended it on February 18, 1997, naming the interest-holders in certain parcels of land in Akron as defendants. After numerous proceedings, on September 8, 1997, all parties agreed to a settlement in the amount of $350,000, and the trial court journalized the settlement on November 21, 1997. Pursuant to the settlement agreement, the City of Akron deposited $350,000 with the clerk of the probate court on October 10, 1997.
In a previous appeal to this court, appellants argued that the trial court erred when it failed to award them interest on the settlement amount between the date of the settlement and the date of deposit, as well as, when the trial court denied them costs and attorney fees. They also claimed that the trial court lacked jurisdiction to determine whether the appropriation was necessary and, in the alternative, that the court's decision was incorrect. Lastly, they asserted that they were entitled to interest on the $350,000 held by the clerk of the probate court for the period following the deposit. On December 30, 1998, this court held that the last assignment of error (whether appellants were entitled to interest for the period following the deposit) was not ripe for review since the trial court had not yet ruled on this issue, and we overruled the other assignments of error and affirmed the trial court's decision.
In the trial court, the Kalavitys filed a Motion for Ruling on Determination of Interest upon Distribution on March 16, 1999. A hearing was held on April 29, 1999, during which only appellants' counsel offered argument on the motion.[2] On June 11, 1999, the trial court determined that appellants were not entitled to the interest earned on the $350,000 following the deposit on October 10, 1997. This appeal followed.
Appellants assert one assignment of error:
 The Trial Court [sic] erred when it denied Defendant Appellants' [sic] motion on interest on monies held by the Clerk of Courts during pending judicial action.
Appellants argue that the trial court erred when it denied them any of the interest which may have been earned on the $350,000 settlement amount since it was deposited in an interest-bearing account with the clerk of the probate court[3] on October 10, 1997. We agree.
This court reviews questions of law de novo. Akron-CantonWaste Oil, Inc. v. Safety-Kleen Oil Serv., Inc. (1992), 81 Ohio App.3d 591,602.
Neither party has cited to any authority directly on point, nor have we discovered any such authority in our own research.[4] Appellants contend that the legal issue in the present case is analogous to interpleader cases, in which courts have awarded to the owners the interest that has accumulated from funds deposited in an interest-bearing account with the clerk of courts from the date of deposit until the court determines the rightful recipients of the funds. For the following reasons, we find this argument persuasive.
In West American Insurance Company v. Dutt (1990), 70 Ohio App.3d 422,423, an insurance company filed an interpleader action in a personal injury suit and deposited the policy proceeds with the clerk of courts pending the outcome of litigation. The parties reached a settlement as to the distribution of the policy proceeds and the accumulated interest. Id. The clerk of courts distributed the policy proceeds, but refused to disburse the interest, claiming that the interest belonged to the county's general fund. Id. The court held that as the policy proceeds "were deposited only for the benefit of the injured defendants," the interest earned should be distributed among the injured parties, and not to the clerk of courts or the county. Id. at 424.
In reaching its holding, the court in West American relied on the United States Supreme Court holding in Webb's FabulousPharmacies, Inc. v. Beckwith (1980), 449 U.S. 155, 66 L.Ed.2d 358. In Webb's, the Supreme Court struck down a Florida statute as unconstitutional because it required that interest, accrued on funds deposited with the court in an interpleader action, be paid to the county. The court noted that:
 [The deposited money] was property held only for the ultimate benefit of Webb's creditors, not for the benefit of the court and not for the benefit of the county. And it was held only for the purpose of making a fair distribution among those creditors. Eventually, and inevitably, that fund, less proper charges authorized by the court, would be distributed among the creditors as their claims were recognized by the court.
Webb's Fabulous Pharmacies, Inc., 449 U.S. at 161,66 L.Ed.2d at 365.
Through an amicus curiae brief, the county argues that interpleader actions are distinct from the case at bar because in interpleader actions, numerous parties are in dispute as to ownership of the money, while in an appropriations case the interested parties have already been determined. This argument, however, overlooks the fact that in an appropriations case, the percentages of ownership are not determined until an interested party files a motion for distribution. R.C. 163.18. Upon this motion, the court must hear evidence "as to the respective interests of the owners in the property and may make distribution of the deposit or award accordingly." Id. The hearings regarding proportion of ownership can be contentious and time-consuming, just as is determining ownership rights in interpleader actions.
The county also argues that the holdings in West American andWebb's were based primarily on the rationale that the clerk of courts cannot charge double fees (i.e. charging a fee and also claiming the interest on the account) in contravention of R.C.2303.20, and that in appropriations cases, there is no such concern, as the clerk of the probate court does not charge a fee for maintaining an account. While the holdings in West American
and Webb's were based in part on the unconstitutionality of recovering double fees, we adduce that the rationale behind those decisions is fundamental and applies equally to the case at bar.
In the aforementioned cases, the courts noted that the funds deposited with the clerk of courts were solely for the benefit of the injured parties (i.e. business creditors and victims of an automobile accident, respectively), and not for the benefit of either the county or the court. Webb's Fabulous Pharmacies, Inc.,449 U.S. at 161, 66 L.Ed.2d at 365; West Am. Ins. Co.,70 Ohio App. at 424. Moreover, Webb's found that the court's retention of the interest, which accrued from the interest-bearing account, was "not reasonably related to the costs of using the courts." Webb'sFabulous Pharmacies, Inc., 449 U.S. at 163, 66 L.Ed.2d at 366. The Webb's court also expressed concern that if the county or the court were allowed to keep the interest, there would be a disincentive to distribute the principal in the account expeditiously because the longer the principal is held, the more interest is accrued. Webb's Fabulous Pharmacies, Inc.,449 U.S. at 162, 66 L.Ed.2d at 365. Furthermore, we note that the Supreme Court observed that "[t]he usual and general rule is that any interest on an interpleaded and deposited fund follows the principal and is to allocated to those who are ultimately to be the owners of that principal." (Citations omitted.) Id. Similarly, other jurisdictions have espoused the general rule that the interest earned on an account belongs to the owner of the principal because "that rule compensates the owners of the principal for the use of their funds." Washington Legal Found. v.Texas Equal Access (C.A.5, 1996), 94 F.3d 996, 1004.
Furthermore, in similar appropriations proceedings, courts have awarded to the landowners a pro rata share of the interest accrued on the money deposited with the clerk of the probate court. See, e.g., Bd. of Cty. Commrs. of Hamilton Cty., Ohio v.Flanco Realty Co. (June 25, 1999), Hamilton App. Nos. C-980781, C-980803, C-980822, unreported.
In the case at bar, we find that the City of Akron gave the money to the clerk of the probate court for safekeeping until the owners of the appropriated land moved for distribution.[5] We further adduce that the funds were deposited with the clerk of the probate court solely for the benefit of the landowners, whose land had been appropriated, and were not deposited with the clerk of the probate court for either the court's own benefit, or for the advantage of the county. Hence, we conclude that when the government appropriates land through eminent domain, reaches a settlement agreement with the landowners, and then deposits the settlement amount with the clerk of the probate court, which in turn places the money into an interest-bearing account — the interest that accrues between the time of the deposit with the clerk of the probate court and the date of distribution, less customary fees and costs — the interest accrued should be awarded to the landowners on a pro rata basis upon distribution. Consequently, in the present case, we hold that the interest, which has accrued on the settlement amount after it was deposited into an interest-bearing account with the clerk of the probate court on October 10, 1997, should be awarded to appellants on a pro rata basis upon distribution and should not be kept by the county or the court.
Accordingly, the Kalavitys' assignment of error is sustained. The judgment of the Summit County Court of Common Pleas, Probate Division, is reversed, and the cause is remanded for further proceedings not inconsistent with this opinion.
Judgment reversed, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellee.
Exceptions.
WILLIAM G. BATCHELDER, FOR THE COURT
BAIRD, P.J., SLABY, J., CONCUR.
[1] The defendant-owners named in the amended complaint were: Louis Kalavity, Karen Lee Kalavity (a.k.a. Karen Kalavity), Theodora Kalavity (a.k.a. Theodora Rathbun), Donald Rathbun, Regina Chema, Frank Chema, Karl L.N. Kalavity, Kristine K.M. Kalavity (a.k.a. Kristine Lewis), Roger G. Lewis, Keri-Ann K.R. Kalavity, Kevin L.J.W. Kalavity, John Donofrio in his official capacity as Summit County Treasurer, James B. McCarthy in his official capacity as Summit County Auditor, tenant in possession of 8 South High Street, tenant in possession of 10 South High Street, unknown spouse of Karl L.N. Kalavity, unknown spouse of Keri-Ann K.R. Kalavity, unknown spouse of Kevin L.J.W. Kalavity, Jerry Windle, and Sandra Windle.
[2] Summit County filed a motion to intervene in the present appeal on September 7, 1999, over four months after the hearing (of which the county had notice) was held. On September 27, 1999, this motion was denied.
[3] There is no evidence in the record to suggest and the parties did not provide the requisite evidence for the court to verify that the settlement amount was deposited with the clerk of courts. To the contrary, the information that we do have suggests that the money was deposited with the probate court itself. Similarly, although the parties do not dispute that interest has been earned on the settlement amount, we are unable to verify that the money has been placed into an interest-bearing account.
[4] Some Ohio statutes allow a clerk of court to pay the interest received from deposits with the clerk into the county treasury; however, the aforementioned deposits are comprised of customary fees and costs paid to the court. See, e.g., R.C.2335.25.
[5] The county also employs a laches argument, contending that appellants are not entitled to the interest because they had a right to move for distribution and instead voluntarily chose to leave the money with the probate court throughout the appeals process. See R.C. 163.18; Loc.R. 97.1(D) of the Court of Common Pleas of Summit County, Probate Division. Normally, the proceeds in an appropriations case would be distributed in a short amount of time, usually within a few weeks after a motion for distribution was filed. Since the Kalavitys withdrew their motion for distribution because they apparently believed that distribution would jeopardize their right to an appeal, the settlement money has been held by the court for over two years and has most likely accrued a substantial amount of interest. Nevertheless, this court cannot conclude that the Kalavitys' ownership rights diminished simply because they did not promptly file a motion for distribution, pursuant to R.C. 163.18.