{¶ 1} Beverly Kirkhart ("appellant/cross appellee"), appeals the January 3, 2001 judgment entry of the Portage County Common Pleas Court, granting summary judgment in favor of Charles Keiper and Christopher Smeiles ("appellees"). Jon Barber (appellee/cross-appellant), cross appeals the January 3, 2001 judgment entry denying his motion for summary judgment. For the following reasons, we reverse the decision of the trial court as it pertains to appellant and dismiss the cross appeal of Jon Barber due to its untimely filing.
 {¶ 2} In the interests of procedural accuracy, we first address the dismissal of Jon Barber's untimely cross-appeal. On May 22, 2001, the trial court issued an order rendering its January 3, 2001 judgment entry a final appealable order pursuant to Civ.R. 54(B).[1] At that point, appellant proceeded to file her notice of appeal on June 8, 2001. Under App.R. 4(B)(1), Jon Barber then had the choice of filing his cross appeal within ten days of appellant filing her notice of appeal, or the traditional thirty day window created by App.R. 4(A). Pursuant to the foregoing rules, the latest that Jon Barber could have filed his cross-appeal was June 21, 2001, thirty days from the trial court's May 22, 2001 order. The record indicates that Jon Barber filed his cross-appeal with this court on June 22, 2001, one day beyond the required time limit of App.R. 4(A). The time requirements for filing a cross-appeal pursuant to App.R. 4(A) are mandatory and jurisdictional.Kaplysh v. Takieddine (1988), 35 Ohio St.3d 170. As a result, this court cannot address the merits of Barber's untimely cross-appeal as it lacks jurisdiction under App.R. 4(A). Therefore, the cross-appeal should be dismissed.
 {¶ 3} We now proceed to address the issues raised by appellant in her timely appeal.
 {¶ 4} Appellant has served as a deputy in the Dog Warden's office of Portage County since 1983. In 1994, the Dog Warden of Portage County was injured and took an extensive leave of absence. While the Portage County Dog Warden was on leave, appellant was appointed Interim Dog Warden for Portage County. Throughout her tenure as interim dog warden, appellant capably performed the duties of dog warden. In 1995, the original warden notified Portage County that she would not be able to return to her position due to her injuries. As a result, the Portage County Commissioners then posted the dog warden position in the local newspaper on February 3, 1995.
 {¶ 5} On April 14, 1995, appellees, acting in their capacity as Portage County Commissioners, removed appellant from her position as Interim Dog Warden and placed Jon Barber in the position of Portage County Dog Warden. The record indicates that Jon Barber had no previous experience as a dog warden, but received a larger salary than either of the women who served before him in the same capacity. Once demoted, appellees removed appellant's disability accommodation[2] and required appellant to train the lesser experienced Barber. As a result, appellant proceeded to file sex and age discrimination claims with the Equal Employment Opportunity Commission. On February 9, 1996, the Ohio Civil Rights Commission recommended a probable cause finding against appellees as a result of appellant's claims. On February 13, 1996, appellant was terminated by the county commissioners because of "her inability to physically perform her duties."
 {¶ 6} On April 28, 1997, appellant filed a complaint in federal district court against the Portage County Commissioners.[3] Included among appellant's causes of action were claims of Title VII sex discrimination, Equal Pay Act wage discrimination, ADEA age discrimination, and handicap discrimination under the Americans with Disabilities Act. In 1999, a jury trial was held and a verdict was returned in favor of appellant. The jury decided that appellant should be reinstated as a deputy dog warden and awarded appellant $940,000. However, pursuant to 42 U.S.C. § 1981(a), appellant's jury award was capped at $300,000. Subsequently, appellant filed the instant action with the Portage County Common Pleas Court on February 8, 2000.
 {¶ 7} In the February 8th complaint, appellant alleged that appellees were now liable under Ohio law in their individual capacities, not as public officials, pursuant to R.C. 4112.99.[4] Subsequently, appellees filed a motion for summary judgment arguing that appellant's state claims were barred by the doctrine of res judicata. On January 3, 2001, the trial court granted summary judgment in favor of appellees Keiper and Smeiles. Appellant's timely appeal followed, and appellant asserts two assignments of error for our review.
 {¶ 8} "[1.] The trial court erred when it held that the Portage County Commissioners sued in their individual capacity were in privity with the Commissioners sued in their official capacity, triggering the doctrine of res judicata.
 {¶ 9} "[2.] The trial court erred when it held that Kirkhart was barred from bringing the second action in state court when it claimed she "could have" brought it in the first action."
 {¶ 10} As appellant's first and second assignments of error relate solely to the trial court's application of res judicata in granting summary judgment for the appellees, we address them collectively.
 {¶ 11} On appeal, a reviewing court conducts a de novo review of a trial court's summary judgment entry. Grafton v. Ohio Edison Co.,77 Ohio St.3d 102, 1996-Ohio-336. A de novo review requires an independent review of the trial court's decision without any deference to it. Brown v. Scioto Bd. of Commrs. (1993), 87 Ohio App.3d 704, 711. Civ.R. 56(C) provides that summary judgment is proper when (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence, viewing the evidence most strongly in favor of the nonmoving party, that reasonable minds can come to but one conclusion, which is adverse to the non-moving party. See Zivich v. Mentor SoccerClub, Inc., 82 Ohio St.3d 367, 1998-Ohio-389.
 {¶ 12} Once a moving party satisfies their burden of supporting their motion for summary judgment with sufficient and acceptable evidence pursuant to Civ.R. 56(C), Civ.R. 56(E) provides that the non-moving party may not rest upon allegations or denials of the moving party's pleadings. Rather, the non-moving party has a reciprocal burden of responding by setting forth specific facts, demonstrating that a "genuine issue" exists to be litigated for trial. State ex rel. Zimmerman v.Tompkins, 75 Ohio St.3d 447, 1996-Ohio-211.
 {¶ 13} The determination of whether an action is barred by the doctrine of res judicata is also a question of law which an appellate court must review de novo. Rossow v. City of Ravenna (Mar. 29, 2002), 11th Dist. No. 2001-P-0036, 2002 Ohio App. LEXIS 1498. The de novo review of an action decided by the doctrine of res judicata is resolved without deference to the trial court's decision. Payne v. Cartee (1996),111 Ohio App.3d 580. As res judicata is an affirmative defense, appellees have the burden of persuasion to prove its application in the instant case. See, Lake Shore Marina v. Schubert (Mar. 23, 1984), 11th Dist. No. 9-219, 1984 Ohio App. LEXIS 9671.
 {¶ 14} Under the doctrine of res judicata, also known as claim preclusion, a subsequent action is barred if the following elements are demonstrated: "(1) a final judgment or decree rendered on the merits by a court of competent jurisdiction; (2) concerning the same claim or cause of action as that now asserted; (3) between the same parties as are in the current action or their `privies.'" United States v. LTV Steel Co.,Inc. (N.D.Ohio. 2000), 118 F. Supp.2d 827, 835-836. See, also, Kelm v.Kelm, 92 Ohio St.3d 223, 227, 2001-Ohio-168, quoting Grava v. ParkmanTwp., 73 Ohio St.3d 379, syllabus, 1995-Ohio-331; Marrie v. Internatl.Local 717 (June 21, 2002), 11th Dist. No. 2001-T-0046, 2002-Ohio-3148, 2002 Ohio App. LEXIS 3134 at 8. Privity has been defined as "merely a word used to say that the relationship between the one who is a party on the record and another is close enough to include that other within the res judicata." Thompson v. Wing (1994), 70 Ohio St.3d 176, 184.
 {¶ 15} Briefly, we note that both parties in this case attempt to raise factual arguments based on the record of the federal proceedings. As a general proposition, an appellate court can take judicial notice of a court's findings in another case. State v. Allen (Sept. 23, 1994), 11th Dist. No. 93-L-123, 1994 Ohio App. LEXIS 4274. However, while a court can take judicial notice that a court made a particular ruling, it cannot take judicial notice of the truth of a factual finding made in another action. In The Matter Of: Douglas Facemyer (Dec. 22, 2000), 11th Dist. No. 2000-L-017, 2000 Ohio App. LEXIS 6118. When a trial court fails to take judicial notice of a factual matter because a party did not raise the issue, the appellate court will not consider the fact in reviewing the appealed judgment. Hubbard v. Luchansky (1995), 102 Ohio App.3d 410,413. The record before us indicates that the federal trial record was not incorporated into the instant action at the trial court level. As a result, this court will not address any fact based arguments pertaining to the federal record.
 {¶ 16} Appellant's primary argument correctly focuses on whether the third element of the res judicata doctrine has been triggered. In other words, the issue before this court is whether appellees being sued in their official capacities as county commissioners differs from that of appellees being sued as individuals under state law for the purposes of invoking res judicata.
 {¶ 17} Official-capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent." Norwell v. Cincinnati (1999), 133 Ohio App.3d 790, quotingKentucky v. Graham (1985), 473 U.S. 159, 165-66. "* * * [p]ersonal capacity suits seek to impose personal liability upon a government official for actions he takes under the color of state law." Id. InAndrews v. Daw, 201 F.3d 521(4th Cir. 2000), the Fourth Circuit Court of Appeals elaborated on this very same concept. "Because the real party in interest in an official-capacity suit is the entity, a plaintiff can only recover damages from the entity itself, in contrast to a personal capacity suit, in which a plaintiff can seek a judgment against the official's personal assets." Id. The Andrews court also noted that "different legal theories of liability are required for the plaintiff, and different defenses are available to the defendant, in a personal capacity action than an official capacity action." Id. Based on that language, the Fourth Circuit concluded that a "government official in his official capacity does not represent precisely the same legal right as he does in his individual capacity." Id. Therefore, the court held "that a government official in his official capacity is not in privity with himself in his individual capacity for the purposes of res judicata." Id.
 {¶ 18} Most importantly, even before the court in Andrews adopted the foregoing analysis, this court approved and subscribed to the very same in Hussey v. Aetna Life Ins. Co. (1995), 104 Ohio App.3d 6.
 {¶ 19} In Hussey, we held that "res judicata only applies when the parties to the subsequent action were parties to the first action." Id. This court also held that "it is well settled that * * * litigation in one capacity, individual or representative, does not preclude relitigation in a different capacity, individual or representative. * * *."Hussey, supra, quoting Wright, Miller Cooper, Federal Practice and Procedure, Jurisdiction (1981), Section 4454. See, also, Restatement of the Law 2d Judgments (1982), 359, Section 36; Altvater v. ClaycraftCo. (1991), 71 Ohio App.3d 264, 269; Perry v. Croucher, 165 F.3d 28(6th Cir. 1998).
 {¶ 20} Appellees argue that on page three of appellant's brief, appellant admits that appellees were sued in their individual capacities in the federal lawsuit.[5] Appellees claim that appellant's statement qualifies as a judicial admission. Statements by counsel do not rise to the level of a judicial admission where there is no indication that the statement is intended to dispense with formal proof of material facts.Padden v. Herron (Dec. 24, 1998), 11th Dist. No. 97-L-223, 1998 Ohio App. LEXIS 6296. As appellant devotes a majority of his brief trying to refute the statement that appellees were sued as individuals, we hold that it does not rise to the level of a judicial admission.
 {¶ 21} Appellant argues that in the federal lawsuit, appellees were sued only in their official capacities acting as agents on behalf of Portage County. We agree with appellant. A close examination of the record bears this out. In the federal action, appellees were defended at all times by the Portage County Prosecutor. Once a verdict had been rendered in favor of appellant in the federal suit, it was Portage County, not the individual appellees, that paid the entire $300,000 amount awarded to appellant. The record also indicates that Portage County, not the individual appellees, was solely responsible for payment of the attorney fees incurred in the litigation of the federal suit and raised defenses available only to a political subdivision/government entity in its answer. In the instant case, appellees are individually responsible for putting on their own defense and are permitted to raise defenses not available to them in the federal action. Additionally, it is the assets of the individual appellees that are now vulnerable to judgment, whereas in the federal case, the coffers of Portage County were solely at risk.
 {¶ 22} Based upon the foregoing facts, it becomes apparent that a lack of privity exists between the appellees in their official capacities versus the appellees in their individual capacities.
 {¶ 23} As previously mentioned, the doctrine of res judicata applies only if all three prongs of the doctrine are satisfied. LTV. SteelCo. Inc., supra. In the case before us, we find that appellees have failed to sustain their burden of proving that the "identity" prong of the res judicata doctrine has been satisfied. Thus, res judicata cannot be applied to the instant case.
 {¶ 24} Under Hussey, Norwell, and Andrews, we hold that the federal suit embraced appellees in their official capacity, as the county was solely responsible for all financial liability and legal representation in the federal matter. Furthermore, the record indicates that appellant did not attempt to raise any individual state claims in her federal complaint. As a result, reasonable minds can come to but one conclusion in this matter. We find appellees' arguments that they were sued as individuals in the federal action to be without merit. An individual sued in his official capacity is not in privity with himself in his individual capacity for the purposes of res judicata. Therefore, we hold, as we did in Hussey, that appellant's instant action is not barred by res judicata, as the "identity" element of the doctrine has not been satisfied.
 {¶ 25} Having held that res judicata does not apply to the instant case, the issue of whether appellant could have or should have brought state claims in the federal action becomes moot.
 {¶ 26} For the foregoing reasons, we hold that the trial court erred in granting appellees' motion for summary judgment. Appellant's first and second assignments of error are well taken and the January 3, 2001 decision of the Portage County Court of Common Pleas is hereby reversed and this cause is remanded for proceedings consistent with this opinion.
 {¶ 27} It is further ordered, the cross-appeal of Jon Barber is hereby dismissed due to its untimely filing pursuant to App.R. 4(A).
DONALD R. FORD, J., ROBERT A. NADER, J., concur.
[1] Pursuant to Civ.R. 54(B), the trial court's order stated, "there was no just cause for delay."
[2] While employed, appellant had received an accommodation for a back injury suffered while working as a deputy dog warden for Portage County.
[3] We note that appellant did not include any state law claims in her federal complaint.
[4] R.C. Chapter 4112 codifies the State of Ohio's adaptation of the ADA's civil rights laws.
[5] Appellant's brief stated: "At the time, Kirkhart also alleged that the commissioners were individually liable; however * * *."