**PUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

TYRONE ANDREWS,
Plaintiff-Appellant,

v.

No. 98-6329

J. M. DAW, in his individual
capacity,
Defendant-Appellee.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
Terrence W. Boyle, Chief District Judge.
(CA-97-602-5-BO)

Argued: December 1, 1999

Decided: January 27, 2000

Before WILLIAMS, MICHAEL, and KING, Circuit Judges.

_____

Reversed and remanded by published opinion. Judge Williams wrote
the opinion, in which Judge Michael and Judge King joined.

_____

**COUNSEL**

**ARGUED:** Jonathan H. Siegelbaum, Appellate Litigation Clinic,
UNIVERSITY OF VIRGINIA SCHOOL OF LAW, Charlottesville,
Virginia, for Appellant. Reuben Franklin Young, Assistant Attorney
General, NORTH CAROLINA DEPARTMENT OF JUSTICE,
Raleigh, North Carolina, for Appellee. **ON BRIEF:** Neal L. Walters,
Appellate Litigation Clinic, UNIVERSITY OF VIRGINIA SCHOOL

OF LAW, Charlottesville, Virginia, for Appellant. Isaac T. Avery, III, Special Deputy Attorney General, NORTH CAROLINA DEPARTMENT OF JUSTICE, Raleigh, North Carolina, for Appellee.

_____

**OPINION**

WILLIAMS, Circuit Judge:

Tyrone Andrews appeals the district court's Rule 12(b)(6) dismissal of his 42 U.S.C.A. § 1983 (West Supp. 1999) lawsuit against North Carolina Highway Patrol Trooper J.M. Daw in Daw's individual capacity. The district court dismissed Andrews's suit on the ground of res judicata, reasoning that it was barred by the district court's previous dismissal of a nearly identical suit brought by Andrews against Daw in Daw's official capacity. We disagree with the district court's decision and hold that a government employee in his official capacity is not in privity with himself in his individual capacity for purposes of res judicata. Accordingly, we reverse the district court's dismissal of Andrews's suit and remand for further proceedings.

I.

On August 5, 1995, Tyrone Andrews was driving on Interstate 40 in Wake County, North Carolina. J.M. Daw, a trooper with the North Carolina Highway Patrol, ordered Andrews to pull over. According to Andrews, Daw violated his rights under the United States Constitution and state law by unlawfully chasing, arresting, assaulting, and inflicting mental distress upon him before and during this traffic stop. On July 2, 1996, Andrews filed a complaint asserting these allegations under 42 U.S.C.A. § 1983 (West Supp. 1999) in the United States District Court for the Eastern District of North Carolina. The complaint named as defendants J.M. Daw, Trooper, North Carolina Highway Patrol; Edward W. Horton, Commander, North Carolina Highway Patrol; and the State of North Carolina.

On October 18, 1996, the district court dismissed the suit against North Carolina on the basis of Eleventh Amendment immunity,

2

granted summary judgment to Horton on the ground that Andrews failed to proffer any evidence that Horton was involved in the alleged deprivation of Andrews's constitutional rights, and granted summary judgment to Daw on the ground of qualified immunity. On appeal, this Court affirmed the district court's dismissal of the claims against Horton and Daw on different grounds, concluding that the appropriate remedy with regard to Horton and Daw was dismissal of the suit pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. We reasoned that Horton was sued in his official capacity and was not subject to suit under § 1983 because Andrews failed to allege that Horton was personally involved in the alleged unlawful conduct, and Daw was sued in his official capacity and was shielded from a suit for money damages by the Eleventh Amendment. See Andrews v. Daw, 117 F.3d 1413 (4th Cir. 1997) (unpublished).

On August 11, 1997, Andrews filed a second § 1983 complaint in the same federal district court, naming as the sole defendant Daw in his individual capacity. This second suit was based upon the same factual circumstances as the first suit and asserted essentially identical claims. On September 24, 1997, Daw moved to dismiss the suit pursuant to Rule 12(b)(6). On February 19, 1998, the district court granted Daw's 12(b)(6) motion to dismiss on the ground that the doctrine of res judicata barred Andrews's suit because his previous suit against Daw in Daw's official capacity had been dismissed. On March 3, 1998, Andrews filed a timely notice of appeal.

II.

On appeal, Andrews principally argues that the district court's Rule 12(b)(6) dismissal of his complaint on the ground of res judicata was erroneous because a prior lawsuit against an individual in his official capacity does not bar later relitigation of claims against that same individual in his personal capacity.[1] In support of this argument,

---

[1] Andrews also argues that Rule 12(b)(6) dismissal of his lawsuit on the basis of res judicata was procedurally inappropriate because the defense of res judicata was not clearly established by the affirmative allegations of the complaint. We disagree. This Court has previously upheld the assertion of res judicata in a motion to dismiss. See Thomas v. Consoli-

3

Andrews cites several cases in which courts have held that government employees in their individual capacity are not in privity with the government for purposes of res judicata. Andrews contends that because a suit against a government official in his official capacity is in reality nothing more than a suit against the government, a government official in his individual capacity is not in privity with himself in his official capacity for purposes of res judicata. Because this case is on appeal from a Rule 12(b)(6) dismissal, our review is de novo. See Mylan Lab., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993).

Under the doctrine of res judicata, "a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." Montana v. United States, 440 U.S. 147, 153 (1979). Because Andrews brought his first suit against Daw in federal court, federal rules of res judicata apply. See Shoup v. Bell & Howell Co., 872 F.2d 1178, 1179 (4th Cir. 1989). "To establish a res judicata defense, a party must establish: (1) a final judgment on the merits in a prior suit, (2) an identity of the cause of action in both the earlier and the later suit, and (3) an identity of parties or their privies in the two suits." Jones v. SEC, 115 F.3d 1173, 1178 (4th Cir. 1997) (internal quotation marks omitted), cert. denied, 118 S. Ct. 1512 (1998). The only issue the parties dispute in this case is the third prong of this test -- whether Daw in his official capacity is in privity with himself in his individual capacity.**2** In addressing this issue, we keep in mind

_____

dation Coal Co., 380 F.2d 69, 75 (4th Cir. 1967). Although an affirmative defense such as res judicata may be raised under Rule 12(b)(6) "only if it clearly appears on the face of the complaint," Richmond, Fredericksburg & Potomac R.R. Co. v. Forst, 4 F.3d 244, 250 (4th Cir. 1993), when entertaining a motion to dismiss on the ground of res judicata, a court may take judicial notice of facts from a prior judicial proceeding when the res judicata defense raises no disputed issue of fact, see Day v. Moscow, 955 F.2d 807, 811 (2d Cir. 1992); Scott v. Kuhlmann, 746 F.2d 1377, 1378 (9th Cir. 1984); Briggs v. Newberry County Sch. Dist., 838 F. Supp. 232, 234 (D.S.C. 1992), aff'd, 989 F.2d 491 (4th Cir. 1993) (unpublished). Because Andrews does not dispute the factual accuracy of the record of his previous suit against Daw in Daw's official capacity, the district court did not err in taking judicial notice of this prior case.
**2** Andrews does not contest that the dismissal of his prior suit on Eleventh Amendment immunity grounds is a final judgment on the merits.

4

that "the privity requirement assumes that the person in privity is so identified in interest with a party to former litigation that he represents precisely the same legal right in respect to the subject matter involved." Id. at 1180 (internal quotation marks omitted) (emphasis added).

Andrews contends that the doctrine of res judicata is inapplicable to this lawsuit because a government official in his official capacity is not in privity with himself in his personal capacity. As an initial matter, we note that the rule of differing capacities in the context of res judicata provides that "[a] party appearing in an action in one capacity, individual or representative, is not thereby bound by or entitled to the benefits of the rules of res judicata in a subsequent action in which he appears in another capacity." Restatement (Second) of Judgments § 36(2) (1982). The rationale for this rule is that "in appearing as a representative of another, a person should be free to take positions inconsistent with those he might assert in litigation on his own behalf or on behalf of others he represents in some other fiduciary capacity." Id. § 36 cmt. a. Thus, at first blush, application of the rule of differing capacities counsels against a conclusion that a government employee in his official capacity is in privity with himself in his individual capacity.

Application of the differing-capacities rule to a suit filed against a government official in his individual capacity following dismissal of

_____

Rule 41(b) of the Federal Rules of Civil Procedure provides that unless the court otherwise specifies, "a dismissal . . . other than a dismissal for lack of jurisdiction . . . operates as an adjudication upon the merits." Fed. R. Civ. P. 41(b). Our cases have been unclear on whether a dismissal on Eleventh Amendment immunity grounds is a dismissal for failure to state a claim under Rule 12(b)(6) or a dismissal for lack of subject matter jurisdiction under Rule 12(b)(1). Compare Biggs v. Meadows, 66 F.3d 56, 58-59 (4th Cir. 1995) (addressing dismissal on Eleventh Amendment grounds as dismissal for failure to state claim), with Abril v. Virginia, 145 F.3d 182, 184 (4th Cir. 1998) (addressing dismissal on Eleventh Amendment grounds as dismissal for lack of subject matter jurisdiction), and Republic of Paraguay v. Allen, 134 F.3d 622, 626 (4th Cir.) (same), cert. denied, 118 S. Ct. 1352 (1998). For this case, we assume without deciding that a dismissal on Eleventh Amendment immunity grounds is a final judgment on the merits for purposes of res judicata.

5

a similar suit filed against that same official in his official capacity is further supported by the difference between official-capacity lawsuits and personal-capacity lawsuits. While "[p]ersonal capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law," official-capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent" and in essence are "suit[s] against the entity." Kentucky v. Graham, 473 U.S. 159, 165-66 (1985) (internal quotation marks omitted). Because the real party in interest in an official-capacity suit is the entity, a plaintiff can only recover damages from the entity itself, in contrast to a personal-capacity suit, in which a plaintiff can seek a judgment against the official's personal assets. See id. at 166. Furthermore, different legal theories of liability are required for the plaintiff, and different defenses are available to the defendant, in a personal-capacity action than in an official-capacity action. See id. at 166-67. These differences indicate that a government official in his official capacity does not represent "precisely the same legal right" as he does in his individual capacity.

The distinction between a suit against a government employee in his official capacity and a suit against that same official in his individual capacity is readily apparent in this case. This Court affirmed the district court's dismissal of Andrews's first suit against Daw in Daw's official capacity on Eleventh Amendment immunity grounds without addressing the issue of Daw's personal liability under § 1983. This disposition makes it clear that Daw merely served as a representative of the government when sued in his official capacity and did not represent "precisely the same legal right" as he did when sued in his individual capacity. Accordingly, we hold that a government official in his official capacity is not in privity with himself in his individual capacity for purposes of res judicata. In slightly different contexts, other circuits have reached similar conclusions. See Headley v. Bacon, 828 F.2d 1272, 1279-80 (8th Cir. 1987) (applying federal law in reversing district court's grant of summary judgment to defendant officials sued in both official and personal capacities under § 1983 following suit against city under Title VII and also noting that "litigation involving officials in their official capacity does not preclude relitigation in their personal capacity"); cf. Roy v. City of Augusta, 712 F.2d 1517, 1521-22 (1st Cir. 1983) (applying Maine law in holding that res judicata did not bar suit against individuals sued in their

6

personal capacities who appeared in earlier action in their official capacities); Unimex, Inc. v. United States Dep't of Hous. & Urban Dev., 594 F.2d 1060, 1061 n.3 (5th Cir. 1979) (per curiam) (noting that suit against an official sued in his official capacity will not operate as collateral estoppel in a subsequent suit against the official sued in his personal capacity); Restatement (Second) of Judgments § 36 cmt. e (explaining that, under the rule of § 36, the determination in an action against a public official sued in his official capacity, while binding on the government, is not binding on the official personally). Because the district court erred in finding such privity and in dismiss-

ing Andrews's suit on the ground of res judicata, we reverse the district court's dismissal of Andrews's suit and remand for further proceedings.[3]

III.

In sum, we hold that a government employee in his official capacity is not in privity with himself in his individual capacity for purposes of res judicata, and, therefore, the district court erred in dismissing Andrews's suit on that ground. Accordingly, we reverse

the district court's dismissal of Andrews's suit and remand for further proceedings.

REVERSED AND REMANDED

_____

[3] In the alternative, Daw urges us to affirm the district court's dismissal of Andrews's complaint on the ground of qualified immunity. This Court "may affirm the dismissal by the district court on the basis of any ground supported by the record even if it is not the basis relied upon by the district court." Ostrzenski v. Siegel, 177 F.3d 245, 253 (4th Cir. 1999). Because the district court has yet to address this claim, we decline Daw's invitation to affirm the district court's dismissal of Andrews's complaint on the ground of qualified immunity. Cf. McVey v. Stacy, 157 F.3d 271, 279 (4th Cir. 1998) (affirming district court's ruling deferring qualified-immunity issue because record had not been adequately developed at motion-to-dismiss stage).