**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 03-6836

BRIAN LEE ROWE,

Petitioner - Appellant,

versus

DIRECTOR, DEPARTMENT OF CORRECTIONS,

Respondent - Appellee.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  Robert E. Payne, District Judge.  (CA-99-457-3)

Submitted:  July 9, 2004          Decided:  September 24, 2004

Before NIEMEYER, MOTZ, and SHEDD, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Brian Lee Rowe, Appellant Pro Se.  Steven Andrew Witmer, OFFICE OF THE ATTORNEY GENERAL OF VIRGINIA, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Brian Lee Rowe, a Virginia prisoner, seeks to appeal the district court's order dismissing his motion for reconsideration, Fed. R. Civ. P. 60(b). The district court construed Rowe's motion as a successive 28 U.S.C. § 2254 (2000) petition. Rowe's motion, however, alleged that the district court erred by failing to conduct an evidentiary hearing before denying Rowe's § 2254 petition. Because this motion did not directly attack Rowe's conviction or sentence, but rather asserted a defect in the collateral review process itself, it constituted a true Rule 60(b) motion under our decision in United States v. Winestock, 340 F.3d 200, 207 (4th Cir), cert. denied, 124 S.Ct. 496 (2003). To appeal an order denying a Rule 60(b) motion in a habeas action, Rowe must establish entitlement to a certificate of appealability. See Reid v. Angelone, 369 F.3d 363, 368 (4th Cir. 2004).

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683 (4th Cir. 2001). Although we disagree with the district

- 2 -

court's procedural ruling that Rowe's motion was successive, the record nonetheless demonstrates that Rowe's motion is subject to procedural bar. We previously denied a certificate of appealability and dismissed Rowe's appeal of the denial of his habeas petition in 2001, in which Rowe suggested his case should be remanded for an evidentiary hearing. Rowe v. Director, No. 01-6559 (4th Cir. 2001). Principles of res judicata, see Andrews v. Daw, 201 F.3d 521, 524 (4th Cir. 2000), and law of the case, see United States v. Bell, 5 F.3d 64, 66 (4th Cir. 1993), therefore bar this appeal. Moreover, Rowe's motion, filed years after his appeal, was not filed within a reasonable time, as required by Rule 60(b). See McLawhorn v. John W. Daniel & Co., 924 F.2d 535, 537-38 (4th Cir. 1991). These procedural deficiencies preclude granting a certificate of appealability.

Accordingly, we deny a certificate of appealability, deny leave to proceed in forma pauperis, and dismiss the appeal. We deny Rowe's motion for appointment of counsel. We deny Rowe's motion for oral argument; the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED