**ON REHEARING**

**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-2566**

KEITH ALEXANDER ASHE,

Plaintiff – Appellant,

v.

PNC FINANCIAL SERVICES GROUP, INCORPORATED,

Defendant - Appellee.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Paul W. Grimm, District Judge. (8:15-cv-00144-PWG)

Submitted: April 21, 2016                 Decided: June 13, 2016

Before WILKINSON, KING, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Keith Alexander Ashe, Appellant Pro Se. Naresh Kilaru, Mark S. Sommers, FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP, Washington, D.C., for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Keith Alexander Ashe appeals the district court's order dismissing his civil complaint against PNC Financial Services Group, Inc. ("PNC") for trademark infringement as barred by collateral estoppel. In our initial consideration of this matter, we dismissed the appeal as untimely. Ashe has submitted evidence that he filed a timely notice of appeal with the district court, but that notice was rejected for failure to include the required filing fees. We agree that, under these circumstances, Ashe filed a timely notice of appeal. See Fed. R. App. P. 3(a)(2) ("An appellant's failure to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal"); Han Tak Lee v. Houtzdale SCI, 798 F.3d 159, 164 (3d Cir. 2015) ("a clerk's office cannot reject a notice of appeal simply because the filing fee has not been paid"). Accordingly, we grant Ashe's petition for rehearing.

Nevertheless, we conclude that the district court did not err in dismissing Ashe's case as barred by collateral estoppel. We review de novo a district court's dismissal of a complaint on such grounds. Tuttle v. Arlington Cty. Sch. Bd., 195 F.3d 698, 703 (4th Cir. 1999).

Ashe argues on appeal that the district court erred in dismissing his complaint rather than converting PNC's motion to

2

a motion for summary judgment. Although a motion to dismiss generally cannot reach the merits of an affirmative defense, "where facts sufficient to rule on an affirmative defense are alleged in the complaint, the defense may be reached by a motion to dismiss filed under Rule 12(b)(6)." Goodman v. Praxair, Inc., 494 F.3d 458, 464 (4th Cir. 2007) (en banc). Moreover, a district court may properly "take judicial notice of facts from a prior judicial proceeding when the [collateral estoppel] defense raises no disputed issue of fact." Andrews v. Daw, 201 F.3d 521, 524 n.1 (4th Cir. 2000). Because Ashe "does not dispute the factual accuracy of the record of his previous suit," the district court did not err in taking judicial notice of a prior Trademark Trial and Appeal Board ("TTAB") decision. Id.

Ashe next argues that the district court incorrectly determined that the issue of priority in the TTAB decision was identical to the issue of priority presented in the trademark infringement case. The district court concluded, and PNC argues on appeal, that the issue of priority in a trademark opposition case before the TTAB is always identical to the issue of priority in a federal trademark infringement case. In contrast, Ashe argues that the Supreme Court in B & B Hardware, Inc. v. Hargis Indus., Inc., 135 S. Ct. 1293, 1299 (2015), held that the issue of priority will, at least sometimes, be different.

Even assuming that B & B Hardware stands for the proposition that, when considering the issue of priority, courts must determine whether the actual use of a mark is the same as the use stated in a trademark application, Ashe has alleged no actual use of the mark other than those uses described in his trademark application. Consequently, in this case, the issue of priority decided by the TTAB was identical to the issue of priority presented to the district court.

Therefore, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

4