THE COURT: And you, by 2013, you had multiple occasions to interact with Mr. Vanderhall?
MR. HATFIELD: No, sir. No, we did not. You know, he was a quadriplegic. His mother, Theresa Vanderhall, was actually our go between.
As you remember from the-I'll call it the Vanderhall State Farm[-]I, Miss Vanderhall was the one who engaged us shortly after the accident. And our dealings were solely with her.
(Dkt. No. 38 at 3-4.)
THE COURT: Mr. Hatfield ... Answer my question yes or no. Were you satisfied he was competent?
MR. HATFIELD: I had a good faith belief that he was, because I dealt with his mother. But that was the basis of my good faith, is dealing with his mother.
(Id. at 14-15.) Shortly thereafter, on October 17, 2017, Mr. Hatfield filed an affidavit in support of Plaintiff's motion for judgment, "to clarify certain answers that I gave to the Court during the hearing held on October 12, 2017." (Dkt. No. 39-1 ¶ 1.) In that affidavit, Mr. Hatfield avers that he "should have further investigated Jefferey's mental status before the November 2013 settlement agreement was reached and should have had the matter court approved" and that, in Mr. Hatfield's opinion, a jury could find his representation of Mr. Vanderhall therefore was negligent, but that State Farm was equally negligent. (Id. ¶¶ 9, 11.)
II. Legal Standard
"After the pleadings are closed-but early enough not to delay trial-a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Rule 12(c) motions "dispose of cases in which there is no substantive dispute that warrants the litigants and the court proceeding further." Lewis v. Excel Mech., LLC, 2:13-CV-281-PMD, 2013 WL 4585873 at *1 (D.S.C. Aug. 28, 2013) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, § 1368 (3d ed. 2010) ). A judgment on the pleadings is only warranted if *756 "the moving party has clearly established that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law." Id. at *2 (quoting Park Univ. Enters. v. Am. Cas. Co., 442 F.3d 1239, 1244 (10th Cir. 2006) ).
Rule 12(c) motions limit the court's review to the pleadings, Abell Co. v. Balt. Typographical Union No. 12, 338 F.2d 190, 193 (4th Cir. 1964), and "any documents and exhibits attached to and incorporated into the pleadings," Lewis , 2013 WL 4585873 at *1 (citing Eagle Nation, Inc. v. Mkt. Force, Inc., 180 F.Supp.2d 752, 754 (E.D.N.C. 2001) ). Like motions filed under Rule 12(b)(6), motions pursuant to Rule 12(c) call for the pleadings to be construed in the light most favorable to the non-moving party. Burbach Broad. Co. v. Elkins Radio Corp., 278 F.3d 401, 405-06 (4th Cir. 2002). Accordingly, "[t]he court must accept all well pleaded factual allegations in the non-moving party's pleadings as true and reject all contravening assertions in the moving party's pleadings as false." Lewis, 2013 WL 4585873, at *2 (quoting John S. Clark Co., Inc. v. United Nat'l Ins. Co., 304 F.Supp.2d 758, 763 (M.D.N.C. 2004) ).
III. Discussion
At the outset, the Court considers, sua sponte, whether the present action is barred by res judicata. "Res judicata, or claim preclusion, bars re-litigation of any claims that were or could have been raised in a prior proceeding between the same parties." Sartin v. Macik, 535 F.3d 284, 287 (4th Cir. 2008). The elements of res judicata are: 1) a final judgment on the merits in a prior suit, 2) an identity of the cause of action in both the earlier and the later suit, and 3) an identity of parties or their privies in the two suits. Andrews v. Daw, 201 F.3d 521, 524 (4th Cir. 2000). A court may dismiss an action sua sponte, even where res judicata is not raised by any party, if the court is on notice the action is barred by res judicata. Arizona v. California, 530 U.S. 392, 412, 120 S.Ct. 2304, 147 L.Ed.2d 374 (2000).
The parties in this action are identical to the parties in Vanderhall, 4:14-cv-518-RMG. The cause of action also is identical-a bad faith claim against State Farm for failure to settle within policy limits. The addition in this action of a negligence claim against State Farm for failure to settle within policy limits is of no moment because it arises from the "same core of operative facts." Pueschel v. United States, 369 F.3d 345, 355 (4th Cir. 2004). A final judgment on the merits was rendered and affirmed on appeal. If the prior proceedings in Vanderhall, 4:14-cv-518-RMG, are valid, then res judicata bars this action.
In those prior proceedings, however, Mr. Vanderhall was incompetent at all times yet had no appointed guardian ad litem. Under the law of this circuit, "[s]uch judgments are only voidable, on a proper showing both that the party was not properly represented and that a meritorious defense exists." Hudnall v. Sellner, 800 F.2d 377, 385 n.7 (4th Cir. 1986) ; see also Beckley Nat'l Bank v. Boone, 115 F.2d 513, 518 (4th Cir. 1940) ("The rule of law is well established that a judgment rendered against an insane person not represented by a guardian or committee is not on that account void; and it will not be set aside even upon direct attack on the ground of insanity alone. To set it aside there must also be shown a meritorious defense to the claim."). Where the incompetent person is the plaintiff, the rule necessarily requires that a meritorious claim exist. In other words, the meritorious claims of an unrepresented incompetent cannot be denied with prejudice.
The Court previously ruled that Mr. Vanderhall's bad faith claim against State Farm was not meritorious when it *757 granted summary judgment for State Farm. The Court granted summary judgment for two independent and sufficient reasons. First, the August 24, 2011 settlement offer-the purported rejection of which is the basis of the bad faith claim-was a legal nullity, because Mr. Vanderhall was then in a coma. (Dkt. No. 78 at 4.) The Fourth Circuit affirmed summary judgment on that basis. Second, "[e]ven assuming Plaintiff had made a valid settlement offer," "[a] reasonable jury could not conclude that State Farm's September 1, 2011 response to Plaintiff counsel's purported offer of the August 24, 2011 constituted bad faith, and Defendant is entitled to summary judgment as a matter of law on all claims asserted by Plaintiff." Vanderhall, Dkt. No. 78. Because the claim that State Farm's response to Plaintiff's August 2011 settlement offer constituted bad faith is not meritorious, res judicata bars raising that claim in the present action despite Mr. Vanderhall's incompetence in the prior action.
In the present case, however, Plaintiff presents a new theory of liability not previously litigated. Plaintiff claims State Farm acted in bad faith not when it responded to Plaintiff's August 2011 offer, but when it failed to seek appointment of a guardian ad litem for Mr. Vanderhall before the execution of the November 6, 2013 settlement. That new theory nonetheless is barred by res judicata if it could have been litigated in Vanderhall. Pueschel v. United States, 369 F.3d 345, 355-56 (4th Cir. 2004). Mr. Hatfield admits that he was on notice that Mr. Vanderhall might not be competent before November 6, 2013. (Dkt. No. 39-1 ¶ 10.) Mr. Hatfield, therefore, certainly could have raised this argument after November 6, 2013 and before the Court granted summary judgment on March 30, 2015. In the Court's view, however, his failure to raise the issue cannot be imputed to Mr. Vanderhall because Mr. Hatfield did not have actual authority to act for Mr. Vanderhall until Mr. Vanderhall's guardian ad litem retained Mr. Hatfield, presumably shortly after the June 14, 2016 appointment order. The Court therefore holds res judicata does not preclude the claim raised in the present action and proceeds to consider the merits of the claim.
The Court finds no merit in Plaintiff's claim that State Farm breached any duty of care owed to its insured when it did not investigate Mr. Vanderhall's capacity to contract or seek appointment of a guardian ad litem for him. Under South Carolina law, a litigant has no legal duty in negligence or other tort doctrine to inquire into the competence of an adverse party. South Carolina squarely places responsibility for seeking appointment of a guardian ad litem on that party's counsel. Rule 1.14, RPC, Rule 407, SCACR. To require otherwise would be to require an independent evaluation of every party to a settlement to confirm the competence of the contracting party. That is not the customary practice in litigation, and it would impose an impracticable burden on litigants. Information about the present mental competency of a party in litigation is uniquely available for assessment by a party's counsel, and opposing counsel (or an opposing party's insurer) under normal circumstances would not have routine access to that information without a court-ordered independent medical or psychological evaluation. To hold that a party's insurer has an affirmative duty to assess the opposing party's competence and to move in appropriate cases for the appointment of a guardian ad litem-where the opposing party's own lawyer has determined that a guardian ad litem appointment is unnecessary-effectively would impose a duty to have every party to settlement first undergo a psychological evaluation. That proposition is without precedent, contrary to *758 existing law that places that duty on a party's counsel, and unworkable in practice. Thus, in the absence of a showing that an opposing party's insurer or counsel had access to information about the opposing party's competence unavailable to his own counsel,[1] the law places no duty on an opposing party's counsel or carrier to seek the appointment of a guardian ad litem.
Mr. Hatfield implicitly represented to the state court that Mr. Vanderhall was competent to sue when he filed suit in Mr. Vanderhall's name. (Dkt. No. 38 at 13.) He explicitly represented to the Fourth Circuit that Mr. Vanderhall was competent. As a matter of law, State Farm was entitled to rely on those representations. See, e.g., Md. Nat'l Bank v. Resolution Tr. Corp., 895 F.Supp. 762, 773 (D. Md. 1995) ("A party entering into a settlement agreement is entitled to rely upon the direct representations made by an adversary in a court of law to a judge.") The extent to which those representations were inaccurate and thereby harmed Mr. Vanderhall (personally or as assignee of Mr. Washington and Ms. Ford) is a concern between Mr. Vanderhall, his guardian, and Mr. Hatfield.
IV. Conclusion
For the foregoing reasons, the Court DENIES Plaintiff's motion for judgment on the pleadings (Dkt. No. 20) and GRANTS Defendant's motion for judgment on the pleadings.
AND IT IS SO ORDERED.

In the unlikely circumstance where an opposing party has information about an opposing party's competence not available to the party's own counsel, the duty of candor toward the tribunal may impose a duty to report that information to the Court. See Rule 3.3, RPC, Rule 407, SCACR.