**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-2188**

AYYAKKANNU MANIVANNAN,

        Plaintiff - Appellant,

    v.

DEPARTMENT OF ENERGY, National Energy Technology Laboratory,

        Defendant - Appellee,

    and

GRACE M. BOCHENEK; SUSAN MALIE; ISABEL COTERO,

        Defendants.

Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg.  Thomas S. Kleeh, District Judge.  (1:17-cv-00192-TSK-MJA)

Submitted:  December 1, 2020                    Decided:  January 12, 2021

Before KEENAN and DIAZ, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

Ayyakkannu Manivannan, Appellant Pro Se.  Tara Noel Tighe, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Wheeling, West Virginia,

for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ayyakkanu Manivannan filed a complaint pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552, against the Department of Energy's National Energy Technology Laboratory (NETL or "the agency"), alleging that NETL failed to adequately respond to several requests for records pursuant to FOIA. The district court granted summary judgment in favor of NETL. For the reasons that follow, we affirm the district court's judgment in part, vacate in part, and remand.

When reviewing a district court's grant of summary judgment in favor of the Government in a FOIA action, we review de novo whether, after taking the evidence in the light most favorable to the nonmovant, there remains any genuine issue of material fact and whether the Government is entitled to summary judgment as a matter of law. *See Wickwire Gavin, P.C. v. United States Postal Serv.*, 356 F.3d 588, 591 (4th Cir. 2004).

We have reviewed the record and discern no reversible error as to the following determinations made by the district court. First, NETL was entitled to summary judgment with respect to FOIA request Numbers 78, 1069, 1268, 1284, 1347, 1348, and 1759 because Manivannan failed to pay fees that NETL was permitted to assess. *See Coleman v. Drug Enf't Admin.*, 714 F.3d 816, 819 (4th Cir. 2013); *see also* 5 U.S.C. § 552(a)(4)(A)(v); 28 C.F.R. § 16.10(i). Second, NETL was entitled to summary judgment with respect to request Number 890 because Manivannan did not exhaust his administrative remedies prior to filing suit. Further, Manivannan did not constructively exhaust his administrative remedies because NETL cured the statutory violation based on its failure to timely respond to Manivannan's request by responding before he filed suit. *See Coleman*, 714 F.3d at 820.

3

Third, NETL was entitled to summary judgment on the basis that its searches with respect to request Numbers 833 and 1070 were adequate. The agency met its burden of showing that it "made a good faith effort to conduct a search . . . using methods which can be reasonably expected to produce the information requested." *DiBacco v. Dep't of the Army*, 926 F.3d 827, 832 (D.C. Cir. 2019) (internal quotation marks omitted). Fourth, the agency met its burden to show that it properly redacted or withheld information pursuant to the statutory exemption in 5 U.S.C. § 552(b)(6) relating to personal privacy, and Manivannan failed to overcome the presumption of good faith accorded to the agency's relatively detailed and nonconclusory affidavits. *See Bowers v. United States Dep't of Just.*, 930 F.2d 350, 357 (4th Cir. 1991); *Miller v. United States Dep't of State*, 779 F.2d 1378, 1384 (8th Cir. 1985). Finally, the district court did not abuse its discretion in determining that an *in camera* review was unnecessary to determine whether the agency validly applied the personal privacy exemption. *See Rein v. U.S. Patent and Trademark Off.*, 553 F.3d 353, 377 n.34 (4th Cir. 2009) (stating standard of review).

We conclude, however, that the district court erred in finding that Manivannan did not constructively exhaust his administrative remedies with respect to request Number 946. An agency must ordinarily notify a requester of its "determination and the reasons therefor" within 20 business days of receiving a FOIA request. 5 U.S.C. § 552(a)(6)(A)(i). "FOIA provides that a requester may be treated as if []he exhausted the administrative appeals process where the agency did not provide a timely determination." *Khine v. United States Dep't of Homeland Sec.*, 943 F.3d 959, 966 (D.C. Cir. 2019); *see Coleman*, 714 F.3d at 820 (citing 5 U.S.C. § 552(a)(6)(C)(i)). However, the constructive exhaustion provision

4

only applies "so long as the agency has not cured its violation by responding before the requester files suit." *Coleman*, 714 F.3d at 820; *see also Pollack v. Dep't of Just.*, 49 F.3d 115, 118-19 (4th Cir. 1995).

NETL issued its initial determination letter for request Number 946 on May 5, 2017. That letter was rendered moot when the request was remanded by the Department of Energy's Office of Hearings and Appeals on August 7, 2017, for NETL to continue its search for responsive records, which restarted the constructive exhaustion period. *See Coleman*, 714 F.3d at 824 (noting that "[a] request upon remand [from an administrative appeal] is still a request" and "it, too, must be acted upon within twenty working days, pursuant to 5 U.S.C. § 552(a)(6)(A)(i)"). However, after the request was remanded, NETL did not send Manivannan a new determination letter before he filed suit on November 6, 2017.[*] Since more than 20 working days had elapsed, Manivannann had constructively exhausted his claim with respect to request Number 946, and he was entitled to seek "judicial enforcement without appealing to the agency head or seeking further explanation from the agency as to why his request had not been timely processed." *Pollack*, 49 F.3d at 119.

---

[*] Manivannan specifically pled in his initial complaint that NETL failed to timely respond to request Number 946 and his allegations were effectively against NETL because he sued the agency director in her official capacity. *See Andrews v. Daw*, 201 F.3d 521, 525 (4th Cir. 2000) (noting that "official-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent and in essence are suit[s] against the entity") (internal quotation marks omitted).

5

While the district court determined that NETL cured its failure to respond by sending a determination letter on April 11, 2018—two weeks before Manivannann filed his amended complaint—the date on which Manivannann filed his initial complaint is the appropriate benchmark for determining if NETL cured its failure to respond to request Number 946. Indeed, we have held that an agency can defeat a requester's constructive exhaustion only if it responds to the request before the plaintiff "files suit." *Pollack*, 49 F.3d at 118; *Coleman*, 714 F.3d at 820 (describing important date as the date that "this litigation began"). Allowing agencies to cure their failure to timely respond only after a plaintiff has waited 20 business days and initiated proceedings in federal court would cut against the rationale of the constructive exhaustion rule, since, "[i]n setting a time limit for agencies to respond to initial requests and establishing constructive exhaustion as a means to enforce that limit, Congress expressed a clear intent to ensure that FOIA requests receive prompt attention from the applicable agencies." *Coleman*, 714 F.3d at 824. Accordingly, because request Number 946 was constructively exhausted, the district court should determine on remand whether the agency's search was adequate and whether any exemptions were applicable.

We also conclude that the district court erred in finding that NETL met its burden to show that it properly redacted or withheld information pursuant to the statutory exemption in 5 U.S.C. § 552(b)(5) relating to legal privileges. We review factual findings as to the applicability of a FOIA exemption for clear error and legal conclusions de novo. *See Wickwire Gavin*, 356 F.3d at 591. We "narrowly construe the FOIA exemptions in favor of disclosure." *Id.*

6

Exemption 5 provides that FOIA disclosure rules do not apply to "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency." 5 U.S.C. § 552(b)(5). This exemption applies to materials that fall under, as relevant here, the attorney-client privilege, the attorney work product doctrine, and the deliberative process privilege. *See Hall & Assocs. v. Env't Prot. Agency*, 956 F.3d 621, 624 (D.C. Cir. 2020); *Hanson v. U.S. Agency for Int'l Dev.*, 372 F.3d 286, 290–91 (4th Cir. 2004). The exempted records must be inter-agency or intra-agency documents. *See* 5 U.S.C. § 552(b)(5); *Dep't of the Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 12 (2001).

We have reviewed the record and conclude that the district court lacked an adequate factual basis to rule on the propriety of NETL's redactions and withholding of documents under this exemption pursuant to request Number 833. Specifically, some of the responsive documents appear to have been sent to employees of Penn State University or attorneys in the district attorney's office that oversaw Manivannann's prosecution in Pennsylvania. As a threshold matter then, the district court should first determine if the records were "inter-agency or intra-agency" before deciding whether NETL stated a good faith basis for applying the exemption. 5 U.S.C. § 552(b)(5). If a document is neither inter-agency nor intra-agency, then NETL may not withhold it under this exemption, regardless of whether it reflects the deliberative process of the agency, is attorney work product, or is an attorney-client communication. *See Klamath*, 532 U.S. at 12. We therefore remand for the district court to apply *Klamath* and determine whether the nature of the relationships between

7

agency employees and any third party recipients of the requested records bar NETL's application of the exemption.

We accordingly affirm the district court's grant of summary judgment in part, vacate in part, and remand for further proceedings consistent with this opinion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*VACATED IN PART,*
*AND REMANDED*

8