**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 25-1936

SMARTENERGY HOLDINGS, LLC, d/b/a SmartEnergy,

Plaintiff – Appellant,

v.

FREDERICK H. HOOVER, in his official capacity as Chief of the Maryland Public Service Commission; KUMAR P. BARVE, in his official capacity as Commissioner of the Maryland Public Service Commission; BONNIE A. SUCHMAN, in her official capacity as Commissioner of the Maryland Public Service Commission; MICHAEL T. RICHARD, in his official capacity as Commissioner of the Maryland Public Service Commission,

Defendants – Appellees.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Adam B. Abelson, District Judge.  (1:24-cv-02336)

Argued:  May 5, 2026                                    Decided:  May 28, 2026

Before RUSHING and HEYTENS, Circuit Judges, and FLOYD, Senior Circuit Judge.

Affirmed by unpublished opinion.  Judge Rushing wrote the opinion, in which Judge Heytens and Senior Judge Floyd joined.

**ARGUED:**  Stephen M. Ruckman, GREENBERG TRAURIG, LLP, Washington, D.C., for Appellant.  Colin Patrick Glynn, MARYLAND PUBLIC SERVICE COMMISSION, Baltimore, Maryland, for Appellees. **ON BRIEF:** Douglas F. Gansler, CADWALADER,

WICKERSHAM & TAFT LLP, Washington, D.C., for Appellant. Miles H. Mitchell, General Counsel, MARYLAND PUBLIC SERVICE COMMISSION, Baltimore, Maryland, for Appellees.

———————————

Unpublished opinions are not binding precedent in this circuit.

RUSHING, Circuit Judge:

The Maryland Public Service Commission imposed a civil penalty and a refund order on SmartEnergy Holdings, LLC, an electricity supplier, for violating various consumer protection laws. SmartEnergy sued the commissioners in federal court, alleging that the Commission denied SmartEnergy a jury trial in violation of the Maryland Constitution and imposed an excessive fine in violation of the United States and Maryland Constitutions. The district court dismissed the complaint, and we affirm.

I.

SmartEnergy is an electricity supplier that sells "100% renewable energy" by purchasing "renewable energy credits" to "offset" a customer's electricity usage. *In re Smart Energy Holdings, LLC*, 311 A.3d 919, 932 & n.11 (Md. 2024) (internal quotation marks and brackets omitted). In Maryland, customers are entitled to purchase electricity from a retail supplier like SmartEnergy or to pay their regional electricity distributor for "standard offer service." *Id.* at 927. Suppliers like SmartEnergy are regulated by the Maryland Public Service Commission, which has authority to enforce the State's public utility and consumer protection laws. Md. Code, Pub. Util. § 7-507(k)(3)(viii).

In March 2021, the Commission entered an order finding that SmartEnergy's marketing and sales practices violated the Maryland Telephone Solicitations Act (MTSA), the Maryland Consumer Protection Act, the Electric Customer Choice and Competition Act, and the Commission's regulations. Among other things, the Commission found that SmartEnergy's contracts with its Maryland customers were invalid for failure to comply with contracting requirements of the MTSA. The Commission ordered SmartEnergy to

3

"return all of its Maryland customers who were solicited and enrolled via telephone sales to the utility standard offer service" and to "refund the difference between SmartEnergy's supply charges and the applicable standard offer service rate" for all periods that any current or former customer was served.  J.A. 219.

After three levels of judicial review, the Commission's liability and remedial findings were largely affirmed.  The Maryland Supreme Court held that the "Commission correctly concluded that the MTSA applies to SmartEnergy's business practices," that substantial evidence supported the Commission's findings that SmartEnergy violated the relevant laws and regulations, and that the remedies imposed were "within [the Commission's] discretion and were not arbitrary or capricious."  *In re Smart Energy Holdings*, 311 A.3d at 964.

The Commission then entered an enforcement order, imposing a $250,000 penalty and setting the total customer refund obligation at approximately $15.97 million.  However, the Commission suspended all but $6.5 million of the refund amount, subject to certain conditions.  The order also specified that any refund checks that were returned uncashed or could not be sent to customers due to a change of address would be "remitted to the Fuel Fund of Maryland . . . or to other energy assistance programs."  J.A. 165.

SmartEnergy sued the commissioners in federal court, seeking declaratory and injunctive relief.  In two counts, the complaint alleged that the Commission denied SmartEnergy a jury trial and imposed an excessive fine.  The district court dismissed the complaint for failure to state a claim.  *SmartEnergy Holdings, LLC v. Hoover*, No. 1:24-cv-02336, 2025 WL 1919953 (D. Md. July 11, 2025).  SmartEnergy timely appealed.

4

II.

At the outset, the Commission argues that we lack jurisdiction over this case because of the *Rooker-Feldman* doctrine.  That doctrine stands for the proposition that inferior federal courts lack jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).  But "[s]tate administrative decisions, even those that are subject to judicial review by state courts, are beyond doubt subject to challenge in an independent federal action commenced under jurisdiction explicitly conferred by Congress." *Thana v. Bd. of Licensing Comm'rs*, 827 F.3d 314, 321 (4th Cir. 2016).

The injuries that SmartEnergy alleges—denial of a jury in agency proceedings and an excessive fine imposed by the agency—were caused by the Commission's order, not by any state-court judgment.  *Rooker-Feldman* therefore does not apply and we have jurisdiction over this case.

III.

In its complaint, SmartEnergy contends that Article 23 of the Maryland Constitution's Declaration of Rights gave it a right to a jury trial in the agency proceedings. SmartEnergy did not object to the lack of a jury trial before the Commission or present this argument to the state courts reviewing the Commission's order.[1]  The district court

---

[1] The Commission has not asserted the affirmative defense of res judicata.

5

dismissed this claim because it found that SmartEnergy had waived any jury right it may have had. We review that dismissal de novo. *Seabrook v. Driscoll*, 148 F.4th 264, 269 (4th Cir. 2025).

Under Maryland Rule 2-325, "[a]ny party may elect a trial by jury of any issue triable of right by a jury by filing a demand therefor . . . ." Md. R. 2-325(a). "In an appeal from . . . [an] administrative body when there is a right to trial by jury, the failure of any party to file the demand within 15 days after the time for answering the petition of appeal constitutes a waiver of trial by jury." Md. R. 2-325(d). SmartEnergy claims "there [was] a right to trial by jury," *id.*, but it undisputedly failed to demand a jury in the administrative proceedings or when it petitioned for judicial review in the Maryland courts. Thus, by rule, it waived any jury claim it may have had. *See Scarfield v. Muntjan*, 119 A.3d 745, 746 (Md. 2015); *Erb v. Md. Dep't of Env't*, 676 A.2d 1017, 1029 (Md. Ct. Spec. App. 1996).

SmartEnergy responds that we should excuse its waiver because its argument for a jury trial under Maryland law only became apparent after the United States Supreme Court issued its decision in *SEC v. Jarkesy*, 144 S. Ct. 2117 (2024), interpreting the Seventh Amendment to the federal Constitution. The district court rightly rejected this argument. Although *Jarkesy* may have inspired SmartEnergy to make an argument it did not previously consider, that argument was nonetheless available to SmartEnergy during the original agency proceedings and when it sought judicial review in the Maryland courts. By failing to demand a jury trial at the time required by Maryland's rules, SmartEnergy waived any such right. Md. R. 2-325(d).

6

IV.

SmartEnergy also argues that the Commission's enforcement order imposes an excessive fine in violation of the Eighth Amendment to the United States Constitution and Article 25 of the Maryland Constitution's Declaration of Rights.[2] We review the district court's dismissal of this claim de novo. *See United States v. Bajakajian*, 524 U.S. 321, 336 n.10 (1998).

A.

When evaluating a complaint's sufficiency, we accept the well-pleaded facts as true and construe "all reasonable inferences drawn therefrom in the light most favorable to the nonmoving party." *Kashdan v. George Mason Univ.*, 70 F.4th 694, 700 (4th Cir. 2023). The Commission, however, observes that SmartEnergy is collaterally estopped from challenging the agency's factual findings. The Supreme Court has instructed that, in an action like this one under 42 U.S.C. § 1983, we must give a state administrative agency's factfinding "the same preclusive effect to which it would be entitled in the State's courts" when the state agency, "acting in a judicial capacity," resolves "disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate." *Univ. of Tenn. v. Elliott*, 478 U.S. 788, 799 (1986) (internal quotation marks omitted). Maryland gives agency decisions preclusive effect for purposes of collateral estoppel when (1) the

---

[2] Article 25 of the Maryland Declaration of Rights forbids "excessive fines imposed . . . by the Courts of Law." Md. Const., Decl. of Rts., art. 25. Assuming that provision applies here, Maryland courts interpret it "co-extensively with the excessive fines provision of the Eighth Amendment." *Aravanis v. Somerset Cnty.*, 664 A.2d 888, 894 (Md. 1995). We therefore analyze this claim under the Eighth Amendment.

agency acted in a judicial capacity; (2) the issue was fully litigated before the agency; and (3) the resolution of the issue was necessary to the agency's decision. *Garrity v. Md. State Bd. of Plumbing*, 135 A.3d 452, 465 (Md. 2016).  Both the federal and state requirements are met here.

So notwithstanding SmartEnergy's objections to the Commission's factual determinations (which the Maryland courts reviewed only for substantial evidence), we accept the Commission's findings as correct and take judicial notice of them for purposes of our excessive fines analysis. *See Andrews v. Daw*, 201 F.3d 521, 524 n.1 (4th Cir. 2000) (affirming judicial notice of prior proceedings for purposes of evaluating a motion to dismiss on preclusion grounds).  We thus accept that SmartEnergy "committed widespread violations of Maryland laws designed to protect customers," including that SmartEnergy's conduct violated the MTSA,[3] that those violations rendered approximately 32,000 customer contracts invalid, and that customers collectively paid SmartEnergy $15.97 million in excess of the standard offer service rate.  J.A. 138.

B.

The Excessive Fines Clause "limit[s] the government's power to punish." *Austin v. United States*, 509 U.S. 602, 609 (1993).  The Clause applies to any government exaction

---

[3] SmartEnergy contends that the Commission and the Maryland Supreme Court erred in concluding that the MTSA applies to its conduct.  But we may not reevaluate this issue that has already been fully litigated and decided against SmartEnergy. *See Univ. of Tenn.*, 478 U.S. at 796; *Cosby v. Dep't of Hum. Res.*, 42 A.3d 596, 602 (Md. 2012).  And even if preclusion did not apply, we are still bound to accept the Maryland Supreme Court's construction of the MTSA. *See Brown v. Ohio*, 432 U.S. 161, 167 (1977) ("[State] courts have the final authority to interpret . . . that State's legislation." (internal quotation marks omitted)).

8

which serves as "punishment for some offense," whether "civil or criminal." *Id.* at 610 (emphasis and internal quotation marks omitted). A sanction that serves more than one purpose is nevertheless subject to the limitations of the Excessive Fines Clause if it serves "at least in part" to punish. *Id.*

The parties agree that the Clause applies to the $250,000 civil penalty. They dispute whether the Clause applies to the $6.5 million refund order, which requires SmartEnergy to reimburse customers for rates they paid over the standard offer service rate and funnels funds which cannot be returned to customers into the Fuel Fund of Maryland or other energy assistance programs. We will assume without deciding that the Clause applies to the refund order because, as explained below, the amount exacted is not unconstitutionally excessive.

C.

"The touchstone of the constitutional inquiry under the Excessive Fines Clause is the principle of proportionality: The amount of the forfeiture must bear some relationship to the gravity of the offense that it is designed to punish." *Bajakajian*, 524 U.S. at 334. Because "judgments about the appropriate punishment for an offense belong in the first instance to the legislature" and judicial determinations about the gravity of an offense are inherently imprecise, a fine is unconstitutionally excessive only if it is "grossly disproportional to the gravity of the defendant's offense." *Id.* at 336–337. In making this assessment, courts consider factors like (1) the nature and extent of the violation, (2) the class of persons targeted by the statute, (3) the harm caused by the violation, and (4) the

9

maximum authorized penalty.  *See id.* at 337–340; *United States v. Jalaram, Inc.*, 599 F.3d 347, 355–356 (4th Cir. 2010); *United States v. Ahmad*, 213 F.3d 805, 816 (4th Cir. 2000).

Applying these factors, the refund order and civil penalty are not grossly disproportional to the gravity of the offense.  The Commission found that SmartEnergy committed widespread violations of Maryland laws designed to protect customers, affecting tens of thousands of individuals.  *Cf. Korangy v. FDA*, 498 F.3d 272, 278 (4th Cir. 2007) (observing that the amount of the penalty in that case was "the direct result of" the number of individuals affected by the statutory violations).  SmartEnergy contends it acted in good-faith reliance on statements by Commission staff or on the Commission website, which makes its conduct less culpable.  Even taking that into account, however, the total obligation imposed by the Commission is less than the amount of harm it found SmartEnergy had caused.  The refund order requires SmartEnergy to pay $6.5 million—approximately 40% of the $15.97 million in harm found by the Commission.  It's hard to see how a fine which does not exceed the harm caused could be grossly disproportionate to it.  Moreover, Maryland law authorized a civil penalty of up to $10,000 per violation. Md. Code, Pub. Util. § 7-507(k), (*l*) (2016).  Across approximately 32,000 violations of the MTSA, the Commission imposed a refund obligation of about $200 per violation and a civil penalty of about $8 per violation.  On this record, we conclude that SmartEnergy has failed to state a claim for an Excessive Fines Clause violation.

## V.

For the foregoing reasons, the judgment of the district court is

*AFFIRMED*.

10